UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                         CASE NO: 2:14-cr-76-FtM-38DNF

MICHAEL TERRILL FAIRCLOTH

### ORDER[1]

This matter comes before the Court on Defendant Michael Terrill Faircloth's Motion in Limine to Exclude Expert Testimony (Doc. #56) filed on April 28, 2015.  The United States filed a Response in Opposition on April 30, 2015.  (Doc. #57).  The matter is now ripe for review.

### Discussion

Defendant moves the Court for an order "exclud[ing] any hearsay testimony from any law enforcement agent disguised as expert opinion evidence."  (Doc. #56 at 1). Defendant "anticipates that the [G]overnment will seek to elicit evidence regarding supposed expert testimony as to 'interstate nexus,' including but not limited to testimony by ATF Agent Jeffrey Burk or another agent."  (Doc. #56 at 1).  As Defendant explains, "Agent Burt is expected to testify that he has been trained, and has experience, in the identification of different firearms as to their make, model[,] and manufacturer." (Doc. #56

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

at 1). And he is then expected to testify regarding "the place of manufacture of the specific firearm alleged to have been possessed by [Defendant]."  (Doc. #56 at 1-2).

Defendant asserts that this testimony is improper for several reasons. First, this testimony is "not based on either scientific knowledge or any other technical or other specialized knowledge," in violation of Federal Rule of Evidence 702. (Doc. #56 at 1). Second, this testimony violates the Supreme Court's standard set out in *Daubert v. Merrell Dow Pharmaceuticals*, 590 U.S. 914, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), "because it will not assist the trier of fact . . . to understand the evidence, or to determine a fact at issue." (Doc. #56 at 2). Finally, this testimony, "to the extent it relies on information obtained from other sources, violates the Confrontation Clause of the Sixth Amendment." (Doc. #56 at 2-3). In response, the Government provides the Court with substantial Eleventh Circuit precedent, contending that court has addressed and rejected Defendant's exact argument. (Doc. #57 at 1-2). The Government also provides the Court with various other circuit's opinions, averring that those courts have addressed and rejected Defendant's argument too. (Doc. #57 at 2).

The Government is correct: in *United States v. Floyd*, the Eleventh Circuit addressed the exact argument presented today. 281 F.3d 1346 (11th Cir. 2002). In doing so, the Eleventh Circuit was clear, "[t]he law in this circuit . . . allows the interstate nexus element of [18 U.S.C.] § 922(g) to be established by expert testimony." *Id.* at 1349 (citing *United States v. Bonavia*, 927 F.2d 565, 567 n.2 (11th Cir. 1991)). As the court explained, "hearsay testimony by experts is permitted if it is based upon the type of evidence reasonably relied upon by experts in the particular field." *Id.* (citing Fed. R. Evid. 703; *United States v. Cox*, 696 F.2d 1294, 1297 (11th Cir. 1983)). Therefore, with these

principles in mind, the Eleventh Circuit held that the district court did not abuse its discretion by allowing an ATF agent to testify as an expert as to the origin of ammunition after he "examined the ammunition, consulted [the manufacturer's] catalog, and then, [] verif[ied] the information . . . [by] contact[ing] [a] technical advisor." *Id.*

The Court fails to see any difference between *Floyd* and the instant action. The testimony that Defendant seeks to exclude is nearly identical to the testimony presented in *Floyd*. In both cases, an ATF agent testified, or seeks to testify, regarding the origin of ammunition and firearms as an expert witness after consulted various sources. Without providing the Court with any factual distinctions between the instant action and *Floyd*, the Court finds Defendant's argument unpersuasive.

Accordingly, it is now

**ORDERED:**

Defendant Michael Terrill Faircloth's Motion in Limine to Exclude Expert Testimony (Doc. #56) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this May 4, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record