UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CASE NO: 2:14-cr-76-FtM-38DNF

MICHAEL TERRILL FAIRCLOTH
_____/

### ORDER[1]

This matter comes before the Court on Defendant Michael Terrill Faircloth's Motion in Limine (Doc. #78) filed on May 31, 2015. The United States filed a Response in Opposition on June 10, 2015. (Doc. #84). The matter is now ripe for review.

### Discussion

Defendant moves the Court for an order excluding testimony as to certain topics. First, Defendant seeks to exclude any testimony from members of the Florida Regional Fugitive Task Force on "how it is their job to arrest the most dangerous fugitives or some other explanation that will depict Defendant as more dangerous than other arrestees." (Doc. #78 at 1). In response, the Government concedes that it will not attempt to characterize Defendant as "more dangerous than other arrestees." (Doc. #84 at 2). Nor will it attempt to depict the Task Force's job as arresting "only the most dangerous fugitives." (Doc. #84 at 2). But the Government believes that testimony as to the Task

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Force members' titles, backgrounds, and basic job duties will be crucial to their credibility and a central issue at trial. (Doc. #84 at 2). The Court agrees.

Defendant fails to provide any support for his position that allowing Task Force members to testify regarding their titles, backgrounds, and job duties violates Federal Rule of Evidence 401 or 403. The Government, however, points the Court's attention to a non-binding, Sixth Circuit opinion, which addressed this exact issue. *See United States v. Anthony*, 13 F.App'x 346 (6th Cir. 2001). There, the court was clear: "Allowing policy officers to identify themselves as members of a task force is not unfairly prejudicial." *Id.* at 348. As the Sixth Circuit explained, there is no reason to believe that allowing police task force members to identify themselves as such, along with giving their backgrounds and job duties, will in any way prejudice a defendant. *Id.* at 347-48. And the Court is not aware of any factors that distinguish the instant action from *Anthony*. The Government has already conceded that it will not elicit testimony that portrays the Task Force as pursuing the "most dangerous fugitives" or that states Defendant is "more dangerous than other arrestees." In the Court's view, such a concession is sufficient to qualm any concerns that Defendant might have, without unnecessarily excluding non-prejudicial information from the Government's witnesses.

Next, Defendant asks the Court to exclude any testimony disclosing that the warrant that Defendant was arrested on was issued for escape. (Doc. #78 at 2). In support, Defendant avers, "[t]elling the jury the nature of the warrant is unnecessary, irrelevant, and unduly prejudicial under [Rule] 403." (Doc. #78 at 2). In response, the Government concedes that it will "not elicit the fact that the underlying arrest warrant was for escaping custody." (Doc. #84 at 3). But the Government does intend to elicit

testimony regarding the validity of the warrant that Defendant was arrested on, which it believes will be a central issue at trial.  (Doc. #84 at 3).  Because the Government's concession appears to qualm Defendant's concerns about the nature of the underlying arrest warrant being disclosed, the Court finds no further action is necessary.

Accordingly, it is now

**ORDERED:**

1. Motion in Limine (Doc. #78) is **GRANTED in part and DENIED in part**.

2. Defendant's Motion is granted to the extent that the Government shall not elicit testimony from its witnesses 1) that Defendant is more dangerous than other arrestees; 2) how the Florida Regional Fugitive Task Force's job is to arrest only the most dangerous fugitives; or 3) that the underlying arrest warrant was for escaping custody.  The remainder of Defendant's Motion is denied.

**DONE AND ORDERED** at Fort Myers, Florida, this June 17, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record