UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:14-cr-76-FtM-38MRM

MICHAEL TERRILL FAIRCLOTH

_____

### ORDER[1]

This matter comes before the Court on the Defendant, Michael Terrill Faircloth's

Motion to Dismiss (Doc. #95) filed on August 2, 2015.  The United States of America

(Government) filed its Response in Opposition (Doc. #97) on August 4, 2015.  The Motion

is fully briefed and ripe for the Court's review.

### FACTS

On July 9, 2014, the Defendant Michael Terrill Faircloth was indicted for being a

felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1).  The Indictment reads

in pertinent part:

> On or about May 21, 2014, at Fort Myers, in Lee County, in
> the Middle District of Florida
>
> MICHAEL TERRILL FAIRCLOTH,
>
> the defendant herein, then being a person convicted of a
> crime punishable by imprisonment for a term exceeding one
> year, namely . . . did knowingly possess in and affecting
> commerce, a firearm, namely, a Ruger P95 bearing serial

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

number 318-53635, loaded with eleven (11) rounds of 9 millimeter ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1), and 924(e).

(Doc. #1).

On June 26, 2015, the United States Supreme Court issued an Opinion in Johnson v. United States of America, finding that imposing an increased sentence under the Armed Career Criminal Act (ACCA) 18 U.S.C. § 924(e) residual clause violates the Constitution's guarantee of due process. -----U.S.-----, 135 S. Ct. 2551, 2563 (2015). Based, in part, upon the Supreme Court's holding in Johnson, the Defendant now moves the Court to Dismiss the Indictment.

## STANDARD OF REVIEW

In criminal proceedings, there is no summary judgment mechanism. U.S. v. Critzer, 951 F.2d 306, 307 (11th Cir.1992) (per curiam). "Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." Id. This, of course, is because the resolution of factual questions is the sole province of the jury. U.S. v. Antonucci, 663 F. Supp. 243, 245 (N.D.Ill.1987) ("At the motion to dismiss stage, however, [the court] cannot decide as a matter of law something which turns on the specific facts of th[e] case."). "Moreover, this court is constitutionally barred from ruling on a hypothetical question." Critzer, 951 F.2d at 307. A motion to dismiss an indictment targeted at the substance of the offense may therefore only be granted if there is a legal infirmity in the indictment. See U.S. v. Belcher, 927 F.2d 1182, 1185 (11th Cir.1991) (citing U.S. v. Torkington, 812 F.2d 1347, 1354 (11th Cir.1987)). Thus, if the factual allegations of the indictment are sufficient to state the offense charged, the indictment is not deficient and a motion to dismiss aimed

at the substance of the charge must be denied. U.S. v. Ferguson, 142 F.Supp.2d 1350, 1353 -1354 (S.D. Fla. 2000).

Issues which are properly raised, and decided, by a pretrial motion to dismiss are those that are "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). Included amongst these issues are jurisdictional claims that "the applicable statute is unconstitutional or that the indictment fails to state an offense." U.S. v. Montilla, 870 F.2d 549, 552 (9th Cir.1989). "As the language of the rule indicates, when the issue raised involves a question that may not be determined without 'trial of the general issue' it is not proper for a decision by pretrial motion.

The 'general issue' has been defined as evidence relevant to the question of guilt or innocence." U.S. v. Ayarza–Garcia, 819 F.2d 1043, 1048 (11th Cir.1987); *see also* U.S. v. Alfonso, 143 F.3d 772, 777 (2nd Cir.1998). If a claim or defense, even a constitutional one, implicates the "general issue," the proper procedure is to defer ruling until after the prosecution has presented its case. *See* Ayarza–Garcia, 819 F.2d at 1048. After the prosecution's case-in-chief has been presented, a legal issue that is intertwined with the underlying facts of the case may be properly addressed through a motion for judgment of acquittal, pursuant to Fed. R. Crim. P. 29 or submitted to the jury. *See* id. at 1048–49; Fed. R. Crim. P. 12(e).

In sum, the Court's review at this stage of the proceeding is very limited. The Court may dismiss the case based upon: (1) a legal infirmity or defect in the charging instrument; or (2) a purely legal question, such as a determination that the statute is unconstitutional. Any issues that require consideration of the facts underlying this prosecution, however,

are not the proper subject of a pretrial motion to dismiss. Ferguson, 142 F.Supp.2d at 1353.

## DISCUSSION

The Defendant argues that the case should be dismissed because he does not qualify as an armed career criminal pursuant to § 924(e).  He further argues the term § 924(e) in the caption of the Indictment, and within the allegation of the charge itself is prejudicial.  The Defendant continues that the Indictment alleges a fact that is not relevant to the charge, and is factually incorrect.  The Government responds that the Indictment is correct on its face and that § 924(e) does not render the Indictment insufficient, nor does it cause the Defendant any prejudice.

### (1) Whether the Indictment is Insufficient

An indictment is considered legally sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." U.S. v. Jordan, 582 F.3d 1239, 1245 (11th Cir.2009) (citing United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir.2002)). These factors ensure the provision of constitutional notice and due process. U.S. v. Fern, 155 F.3d 1318, 1325 (11th Cir.1998); see also Hamling v. U.S., 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L.Ed.2d 590 (holding that an indictment satisfies the constitutional requirement of informing the defendant of the charges against him and enabling him to plead double jeopardy by setting forth the essential elements of the crime). In determining whether an indictment is sufficient, it should be read as a whole and given a "common sense construction." U.S. v. Stein, 2012

WL 4089896, *1 (S.D. Fla. Sept. 13, 2012) (citing U.S. v. Gold, 743 F.2d 800, 813 (11th Cir.1984)). The appropriate test is "not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." U.S. v. McGarity, 669 F.3d 1218, 1235–36 (11th Cir.2012) (quoting U.S. v. Varkonyi, 645 F.2d 453, 456 (5th Cir.1981)). Thus, "an indictment is sufficient if it tracks the more general language of the statute and provides a statement of facts that gives notice.... [T]he language of the statute alone, setting forth the factual elements of the offense, often provides the essential facts." McGarity, 669 F.3d at 1273.

In this case, the Indictment alleges that the Defendant knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Section 922(g)(1) states in pertinent part:

> It is unlawful for any person—
>
> Who has been convicted in any court of, a crime punishable by imprisonment for a term of one year; . . .
>
> To ship or transport in interstate or foreign commerce, or possess in affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The Indictment itself puts the Defendant on notice of the charges brought against him. Specifically, the Indictment states the Defendant knowingly possessed a Ruger P95 bearing the serial number 318-53635, loaded with eleven (11) rounds of 9 millimeter ammunition. The Indictment further states that the Defendant had been convicted of at least twelve (12) crimes punishable for more than one year and then enumerates each of the twelve (12) felony convictions. Accordingly, the Indictment sufficiently sets forth sufficient facts to provide the Defendant with notice of the elements of the offense with which he was charged under 18 U.S.C. § 922(g). McGarity, 669 F.3d at 1273.

The Government reasons that including § 924(e) in the Indictment does not render the Indictment insufficient because § 924(e) is merely a sentencing factor not relevant to the underlying crime.  The Government's position is well taken.  The Eleventh Circuit has clearly ruled that § 924(e) is merely a sentence enhancement provision, and does not create a separate offense. Jackson v. U.S., 2011 WL 256756, *6 (S.D. Fla. January 3, 2011) (citing U.S. v. Ruo, 943 F.2d 1274, 1275 (11th Cir.1991); *see also* U.S. v. Abernathy, 277 F.3d 1048, 1050 (8th Cir.), *cert. den'd,* 535 U.S. 1089, 122 S. Ct. 1986, 152 L.Ed.2d 1042 (2002) (holding that Abernathy first argues his status as a recidivist with three previous violent offenses under 18 U.S.C. § 924(e) should have been submitted to the jury as an element of the offense under Apprendi v. New Jersey ... Abernathy's argument fails because this issue is not an element of the offense, but is a sentencing matter under United States v. Almendarez–Torres, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)).   Moreover, the sentencing implications of § 924(e) would apply automatically, whether or not the government sought the enhancement or not in the Indictment. U.S. v. Cobia, 41 F.3d 1473, 1475 (11th Cir.1995).  Thus adding § 924(e) to the language in the Indictment does not render the Indictment insufficient.

(2) *Whether the Defendant Qualifies as an Armed Career Criminal Under § 924(e)*

The Defendant also argues the case should be dismissed because he does not qualify as an armed career criminal under 18 U.S.C. §924(e).  The Defendant relies on the Supreme Court's recent decision in Johnson v. United States for his position.  The Defendant's reliance on Johnson is misplaced.

As noted above, Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g); Johnson, 135 S. Ct. at 2555-56. In general, the law punishes violation of this ban by up to 10 years imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the ACCA increases his prison term to a minimum of fifteen (15) years and a maximum of life. § 924(e)(2). The ACCA defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the ACCA's residual clause. Johnson, 135 S. Ct. at 2555-56. The Supreme Court decision in Johnson held that an increased sentence given under the residual clause of the ACCA 18 U.S.C. § 924(e)(2)(B)(ii) violates the Constitution's guarantee of due process.

The Johnson decision did not "call into question application of the [ACCA] to the four (4) enumerated offenses, or the remainder of the Act's definition of a violent felony but only sentences increased under the residual clause. Johnson, 135 S. Ct. at 2563; Haugabook v. U.S., 2015 WL 4605750 *3 (S.D. Fla. July 30, 2015) (holding that Johnson did not apply to the four crimes enumerated in § 924(e)(2)(B)(ii) or crimes of violence as under § 924(e)(2)(B)(i)).

In this case, the Indictment lists three (3) burglaries. The three (3) burglaries enumerated in the Indictment are covered by § 924(e)(2)(B)(ii) do not fall under the residual clause addressed by the <u>Johnson</u> Court.  Consequently, the allegation in this case that the Defendant is an armed career criminal under § 924(e) does not violate the due process clause as found by the Supreme Court in <u>Johnson</u>.

(3) <u>Whether the Allegation Under § 924(e) is Prejudicial</u>

The Defendant will not be prejudiced by the appearance of § 924(e) in the Indictment as it merely serves notice on the Defendant of the potential consequences of a conviction for the charge against him. Furthermore, the Government has agreed, and the Court will not allow the Defendant's felony convictions to be disclosed to the jury unless the Defendant testifies and provides false testimony in that regard.  As for the jury knowing that the Defendant is a felon, the Defendant has stipulated to the fact that he is a convicted felon.   The term Armed Career Criminal is not used anywhere in the Indictment.  Finally, the Court can redact §924(e) as well as the enumerated list of prior felony convictions from the Indictment that is read in open court and any copies of the Indictment that will be provided to the jury if there is a stipulation so as to avoid prejudice.

<u>**CONCLUSION**</u>

The Defendant's Motion to Dismiss is due to be denied because the Indictment is sufficient to put the Defendant on notice of the charges against him.  Section 924(e) as used in the instant case does not violate the Defendant's right to due process nor is the inclusion of § 924(e)  prejudicial to the Defendant.

Accordingly, it is now

**ORDERED:**

The Defendant, Michael Terrill Faircloth's Motion to Dismiss (Doc. #95) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this August 12, 2015.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: Counsel of Record