UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:14-cr-76-FtM-38MRM

MICHAEL TERRILL FAIRCLOTH

## **OPINION AND ORDER**[1]

Before the Court is pro se Defendant Michael Terrill Faircloth's Motion for Reconsideration (Doc. 262), and the Government's response in opposition (Doc. 265). This criminal case started nearly six years ago. Faircloth was tried, convicted, and sentenced to ten years' imprisonment. He appealed but lost. Faircloth then moved to dismiss the Indictment, but the Court denied that too. In his latest attempt to challenge his conviction, Faircloth asks the Court to reconsider its decision not to dismiss the Indictment. His motion is denied for the reasons below.

## BACKGROUND

In July 2014, a federal grand jury indicted Faircloth for possessing a firearm as an eleven-time convicted felon. The Indictment specifically charged him with "knowingly possess[ing] in and affecting interstate commerce, a firearm, namely, a Ruger P95 bearing serial number 318-53635, loaded with eleven (11) rounds of 9 millimeter ammunition" in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1). The Indictment

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

also listed each of Faircloth's felonies, including a 2007 federal conviction for possessing ammunition as a convicted felon.[2]

Before trial, Faircloth moved to dismiss the Indictment under *Johnson v. United States*, 135 S. Ct. 2251 (2015). He argued that he no longer qualified as an armed career criminal under that case, so the Indictment's allegation saying otherwise prejudiced him. (Doc. 95). The Court denied the motion. (Doc. 108).

The trial came next. The jury convicted him as charged, and this Court sentenced him to 120 months' imprisonment (Doc. 188; Doc. 227). An appeal followed, but the Eleventh Circuit affirmed Faircloth's conviction and sentence. (Doc. 258; Doc. 259). He then filed a writ of certiorari with the United States Supreme Court, which was denied on March 2, 2020.

About two weeks after the Eleventh Circuit issued its Mandate, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). There, the petitioner entered the United States on a nonimmigrant student visa to attend college but was dismissed for poor grades. He later shot two guns at a firing range and was indicted under 18 U.S.C. §§ 922(g) and 942(a). The first law makes it unlawful for illegal aliens to possess firearms, and the second sets a statutory penalty of up to ten years' imprisonment. In Rehaif, the Supreme Court clarified that "in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a

---

[2] The 2007 federal case is styled as *United States v. Faircloth*, No. 2:06-cr-117-FtM-29DNF, and Faircloth pled guilty to violating the same criminal statutes as at issue here.

firearm." Id. at 2200. This ruling reversed a line of cases holding that the government need not prove a defendant knew of his unlawful status to possess a firearm.

Six months after *Rehaif*, Faircloth moved this Court to dismiss his Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(V) and "any other Rule, Codification, Statute or Constitutional provision applicable." (Doc. 260). Because Rule 12(b)(3) motions must be filed before trial, the Court denied his motion as untimely. Faircloth asks the Court to reconsider that decision.

But Faircloth's motion for reconsideration switches tactics. This time the motion cites to Rule 12(b)(2), which says a court may entertain a motion to dismiss for lack of jurisdiction "at any time the case is pending." Fed. R. Crim. P. 12(b)(2). Although the motion cites to a new procedural rule, the argument is the same. Faircloth continues to argue the Indictment is defective because it fails to plead that he knew he was barred from possessing a firearm. (Doc. 262 at 1). The motion then makes the logical jump that the Court has no jurisdiction over this case.

## LEGAL STANDARD

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted). In deciding such motions, courts use the standards applicable in civil cases. *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P.

3

59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

These grounds demonstrate that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Nor can such motions be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's decision. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). So, "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). Finally, a "court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

## DISCUSSION

Faircloth's motion for reconsideration fails for many reasons. For starters, it presents no intervening change in controlling law, new evidence, or arguments on correcting clear error or preventing a manifest injustice. And for this reason alone, the

4

motion can be denied. See *Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) ("Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied."). Instead, the motion asks the Court to reexamine its unfavorable decision not to dismiss the Indictment and address new arguments. But Faircloth's latest challenge fares no better than his previous attacks against his conviction.

Next, Faircloth cannot use Rule 12(b)(3)(B)(v) to challenge the Indictment's sufficiency—he had to do so by way of a pretrial motion. See Fed. R. Crim. P 12(b)(3) (requiring a defendant to challenge an indictment as defective for failing to state an offense as a pretrial motion). More than four years has lapsed since Faircloth's trial, so his motion is untimely. Accordingly, relief under Rule 12(b)(3)(B)(v) is not available.

In an effort to sidestep this procedural bar, Faircloth labels his argument as a jurisdictional challenge under Rule 12(b)(2). He does so because such a motion can be made "at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). According to Faircloth, because his writ of certiorari was still pending when he moved to dismiss the Indictment, his case was still pending. Not so. His case ceased pending on June 4, 2019, when the Eleventh Circuit issued the Mandate. See *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009) (finding the mandate ended the defendant's case for purposes of Rule 12(b) and rejecting the defendant's argument that the case did not end until the Supreme Court denied rehearing of its denial of certiorari); *United States v. Clarke*, 150

F. App'x 969, 970 (11th Cir. 2005); *see also* Fed. R. App. P. 41(c) ("The mandate is effective when issued.").[3]

Even if Faircloth's jurisdictional challenge was valid, the Eleventh Circuit has held that a *Rehaif* defect does not result in a lack of jurisdiction. *See* United States v. Moore, 954 F.3d 1322, 1332 (11th Cir. 2020) (holding that a district court has jurisdiction over a felon-in-possession indictment that was filed before Rehaif even if it did not charge the knowledge-of-status element); United States v. McLellan, No. 18-13289, 2020 WL 2188875, at *5 (11th Cir. May 6, 2020) (finding the indictment did not deprive the district court of jurisdiction where it charged the defendant with violating the felon-in-possession statute and described the prohibited conduct: possession of the firearm as a felon). As per this binding case law, the Indictment is not insufficient on its face.[4]

Accordingly, it is

---

[3] Faircloth could have asked the Eleventh Circuit to stay issuance of the Mandate while he petitioned the Supreme Court for a writ of certiorari, Fed. R. App. P. 41(d)(2), but he did not do so. Nor did he petition the Eleventh Circuit to recall the Mandate. *See* 11th Cir. R. 41-1.

[4] An indictment must give a defendant fair notice of the charges against him, and Faircloth got that. He is unlike the petitioner in *Rehaif* who did not know his illegal status in the United States prevented him from firing two firearms at a shooting range. As the Indictment states, Faircloth is an eleven-time convicted felon who had previously been convicted of the same federal offense he faces here. The Court is hard-pressed to find that he did not know his status as an individual who could not possess a firearm. *Cf.* United States v. Stokeling, No. 19-11003, 2020 WL 57874, at *3 (11th Cir. Jan. 6, 2020) (finding, on direct appeal, that the record established the defendant knew of his status as a felon, so he could not prove that he was prejudiced by the court's error during his plea colloquy that the government had to prove that he knew he was a felon when he possessed the firearm and ammunition.); United States v. Greer, No. 18-12963, 2020 WL 91542, at *2 (11th Cir. Jan. 8, 2020) (finding, on direct appeal, the defendant could not prove error in his indictment per *Rehaif*, especially when "the jury could have inferred from [his] fidgeting, his flight from the police, and his disposal of the pistol that he knew he was a felon barred from possessing firearms").

**ORDERED**:

Defendant Michael Faircloth's Motion for Reconsideration (Doc. 262) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on this 15th day of June 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All parties of record